WHITE HEN PANTRY, a division of Jewel Companies, Inc., Plaintiffs-Appellants,

v.

Gerald BUTTKE and Buttke Enterprises, Inc., Defendants-Respondents.†

Court of Appeals

*No. 79–1532. Submitted on briefs May 14, 1980.*
*—Decided June 16, 1980.*
(Also reported in 295 N.W.2d 763.)

† Petition to review granted.

For the appellant, the cause was submitted on the briefs of *Andrew O. Riteris* and *Charles P. Graupner* and *Michael, Best & Friedrich,* of Milwaukee.

For the respondent, the cause was submitted on the brief of *Alan H. Deutch* and *Lawrence P. Kahn* and *Deutch & Hansher, S.C.,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

CANNON, J. This is an appeal from a final order dismissing the plaintiff's complaint with prejudice. The sole issue involves an interpretation of sec. 135.04, Stats., a provision of the Wisconsin Fair Dealership Law, secs. 135.01 *et seq.*

The plaintiff-appellant White Hen Pantry (White Hen) is a division of Jewel Companies, Inc., and is a

franchisor engaged in the business of franchising convenience retail grocery stores. The defendant-respondent dealership, Buttke Enterprises, Inc., (Buttke) operates a White Hen outlet in Milwaukee, Wisconsin, pursuant to a franchise agreement. Under the franchise agreement entered into on November 15, 1974, the store premises were sublet to Buttke by White Hen. On May 22, 1979, Buttke received a demand for payment of money owed White Hen. Buttke did not respond. On May 30, 1979, White Hen notified Buttke that unless the money owed was paid within ten days, the franchise would be terminated. Buttke did not make payment, the franchise was terminated, and White Hen demanded return of the sublet store premises. Buttke refused to leave and on June 11, 1979, White Hen commenced an eviction action pursuant to sec. 299.01, Stats., in the small claims division of the Milwaukee County Circuit Court.

Buttke answered, claiming that White Hen did not have a right to terminate his franchise, and filed a motion to dismiss on the grounds that the notice was defective and that the action was commenced prior to the expiration of the 90-day notice period under sec. 135.04, Stats.

The trial court dismissed the complaint as untimely, and held that White Hen's notice was defective in not specifying a 90-day notice period. We disagree.

Section 135.04, Stats., reads as follows:

Notice Of Termination Or Change In Dealership. *Except as provided in this section,* a grantor shall provide a dealer at least 90 days' prior written notice of termination, cancellation, nonrenewal or substantial change in competitive circumstances. The notice shall state all the reasons for termination, cancellation, nonrenewal or substantial change in competitive circumstances and shall provide that the dealer has 60 days in which to rectify any claimed deficiency. If the deficiency is rectified within 60 days the notice shall be void. *The no-*

*tice provisions of this section shall not apply if* the reason for termination, cancellation, or nonrenewal is insolvency, the occurrence of an assignment for the benefit of creditors or bankruptcy. *If the reason for termination, cancellation, nonrenewal or substantial change in competitive circumstances is nonpayment of sums due* under the dealership, the dealer shall be entitled to written notice of such default, and shall have 10 days in which to remedy such default from the date of delivery or posting of such notice. [Emphasis supplied.]

In construing a statute, the primary source is the language of the statute itself. *Wisconsin's Environmental Decade, Inc. v. Public Service Commission,* 81 Wis.2d 344, 350, 260 N.W.2d 712, 715 (1978). The entire section and related sections are to be considered in its construction or interpretation. *Omernik v. State,* 64 Wis. 2d 6, 12, 218 N.W.2d 734, 738 (1974). In determining the meaning of any single phrase or word in a statute, it is necessary to look at it in light of the whole statute. *State ex rel. Tilkens v. Board of Trustees of Firemen's Pension Fund of City of Green Bay,* 253 Wis. 371, 373, 34 N.W.2d 248, 249 (1978).

Section 135.04, Stats., is clear in specifying three instances under which a dealership may be terminated by a grantor. In the first circumstance, if deficiencies are claimed to exist, a grantor must provide the dealer with 90 days' prior written notice of termination, cancellation, nonrenewal or substantial change in competitive circumstances. The notice shall include reasons for the abovementioned actions and allow the dealer 60 days to rectify any claimed deficiency. In the second situation, if insolvency, the occurrence of an assignment for the creditors, or bankruptcy is the reason for termination, cancellation or nonrenewal, the 90-day notice provision with the 60-day cure period does not apply. In the third

instance, if nonpayment of sums due under the dealership is the basis for termination, cancellation, nonrenewal or substantial change in competitive circumstances, the dealer is entitled to notice, and has ten days from the date of delivery or posting of the notice to remedy the default. Therefore, sec. 135.04, Stats., mandates a 90-day notice of termination with a 60-day period in which to cure the stated defects, *except* in cases of insolvency, assignment for benefit of creditors or bankruptcy (when no requirement of a notice of termination or default is necessary), and in cases of nonpayment of money owed (when a 10-day notice of default is required.)

Respondent would have us construe the statute as requiring a 90-day notice period with a 10-day cure period for cases of nonpayment of money owed. Such a construction, however, would ignore the clear language of the statute. "If the reason for termination, . . . is nonpayment of sums due under the dealership, the dealer shall be entitled to written notice of such default, and *shall have 10 days* in which to remedy such default *from the date of delivery or posting of such notice.*" [Emphasis supplied.]

Moreover, the interpretation urged by respondent would serve to work unreasonable results, and would run contrary to public policy. To allow a dealership a 90-day notice period for nonpayment of money due with a 10-day cure period would give the nonpaying dealer an 80-day free ride. Where a dealer has become delinquent in payments, the franchisor should not have to wait 80 days to recoup its losses, nor should it have to suffer the possibility of additional losses over the 80-day period while the dealership continues operation. If a statute is capable of being construed in different ways, that construction which works an absurd or unreason-

124

able result should be avoided. *Braun v. Wisconsin Electric Power Company,* 6 Wis.2d 262, 268, 94 N.W.2d 593, 596 (1959).

For the above reasons, we hold that the 90-day notice requirement of sec. 135.04, Stats., does not apply to non-payment of sums due and therefore White Hen's May 30, 1979, notice was timely.

*By the Court.*—Order reversed.