STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Robert W. SWEAT, Defendant-Appellant.

Supreme Court

*No. 95–1975–CR. Oral argument January 10, 1997.—Decided April 18, 1997.*

(Also reported in 561 N.W.2d 695.)

409

For the plaintiff-respondent-petitioner the cause was argued by Maureen McGlynn Flanagan, assistant attorney general with whom on the briefs were *Thomas J. Fallon*, assistant attorney general, and *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief by *Leon S. Schmidt, Jr.* And *Schmidt, Grace & Duncan*, Wisconsin Rapids and oral argument by *Leon S. Schmidt, Jr.*

¶ 1. DONALD W. STEINMETZ, J. The issue presented in this case is whether in restitution pro-

ceedings, Wis. Stat. § 973.20(14)(b)[1] allows a defendant to assert a civil rather than criminal statute of limitations, and its related civil tolling and discovery rules, to bar individual crime victims' claims for restitution. The Wood County Circuit Court, the Honorable John V. Finn, presiding, answered "no" and denied the defendant's claim that the civil statute of limitations and its related tolling principles applied to limit restitution. The court ordered the defendant, Robert W. Sweat, to pay a total of $364,597.23 in restitution to some 23 victims of his criminal racketeering scheme. Reversing the circuit court's order of restitution, the court of appeals found that the civil statute of limitations applies to restitution proceedings. *State v. Sweat*, 202 Wis. 2d 366, 550 N.W.2d 709 (Ct. App. 1996).

¶ 2. Based on our reading of Wis. Stat. § 973.20(14)(b) in conjunction with the rest of § 973.20, and considering the purposes of the restitution statute, we hold that the same statute of limitations that applies in the underlying criminal proceedings, Wis. Stat. § 939.74,[2] including its tolling provisions, also applies in the related restitution proceedings. We therefore reverse the court of appeals' decision.

¶ 3. The defendant, Sweat, was charged with one count of racketeering, Wis. Stat. § 946.83(3), based on

---

[1] Wis. Stat. § 973.20(14)(b) states in relevant part that "[t]he defendant [ordered to pay restitution] may assert any defense that he or she could raise in a civil action for the loss sought to be compensated."

[2] Wisconsin Statutes § 939.74 provides in relevant part: **"Time limitations on prosecutions**. (1). . .prosecution for a felony must be commenced within 6 years. . .after the commission thereof. . . . (3) In computing the time limited by this section, the time during which the actor was not publicly a resident within this state. . .shall not be included."

four or more acts of securities fraud in violation of Wis. Stat. § 551.41(2)[3] which were charged as separate counts of the complaint. The defendant entered a negotiated no-contest plea to a single count information charging him with racketeering.

¶ 4. By his plea, the defendant admitted that, between August 6, 1986, and December 6, 1988, as president of Sweat Insurance, Inc., he intentionally and feloniously, in connection with the offer, sale or purchase of securities, participated in the corporate enterprise through a pattern of racketeering by committing acts of securities fraud in violation of Wis. Stat. § 551.41(2) on at least three occasions. In each instance, the defendant failed to inform named investors of material facts that: (1) he had been convicted of theft by fraud in 1983 for conversion of insurance premiums; (2) his intermediary-agent's license had been suspended for 340 days as a result of that conviction; and (3) he had declared bankruptcy in 1983 and had all debts discharged.

¶ 5. The defendant urges this court to affirm the court of appeals' decision. He argues that Wis. Stat. § 973.20 is unambiguous on its face, and should therefore be interpreted based on the plain meaning of its terms. Sweat asserts that "any defense available in a civil action" means just that—any defense. Even when considering the statute in its entirety, Sweat argues that it is unambiguous because statutes of limitation are substantive defenses and therefore cannot be waived for purposes of restitution proceedings. Finally,

---

[3] Wis. Stat. § 551.41(2) provides that it is unlawful "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading. . . ."

Sweat argues that the court of appeals' interpretation of Wis. Stat. § 973.20(14)(b) is not inconsistent with other provisions of § 973.20. We disagree with the defendant on all facets of his argument.[4]

■■■

¶ 6.    Resolution of the issue presented in this case requires the interpretation of at least two related statutes, Wis. Stat. § 939.74(3), providing the statute of limitations in criminal prosecutions, and Wis. Stat. § 973.20,[5] the restitution statute. The interpretation of a statute is a question of law which this court reviews

---

[4] We do acknowledge, however, that statutes of limitation are, indeed, substantive defenses. *See Modica v. Verhulst*, 195 Wis. 2d 633, 644, 536 N.W.2d 466 (Ct. App. 1995), citing *Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 493 N.W.2d 40 (1992). This fact does not affect our analysis.

[5] Wisconsin Statutes § 973.20 states in relevant part:

**Restitution. (1r)**    When imposing sentence or ordering probation for any crime, the court in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of the crime. . .unless the court finds substantial reason not to do so and states the reason on the record. . . .After the termination of probation or parole. . .restitution ordered under this section is enforceable in the same manner as a judgment in a civil action by the victim named in the order to receive restitution or enforced under ch. 785. . . .

**(8)**    Restitution ordered under this section does not limit or impair the right of a victim to sue and recover damages from the defendant in a civil action. The facts that restitution was required or paid are not admissible as evidence in a civil action and have no legal effect on the merits of a civil action. . . .The court trying the civil action shall hold a separate hearing to determine the validity and amount of any setoff asserted by the defendant. . . .

**(13)(a)**    The court, in determining whether to order restitution and the amount thereof, shall consider all of the following:

1. The amount of loss suffered by any victim as a result of the crime.

2. The financial resources of the defendant. . . .

5. Any other factors which the court deems appropriate. . . .

independently, without deference to the lower courts. *State v. Sher*, 149 Wis. 2d 1, 8, 437 N.W.2d 878 (1989). This court uses a two-step process for interpreting statutes:

> The ultimate goal of statutory interpretation is to ascertain the intent of the legislature. The first step of this process is to look at the language of the statute. If the plain meaning of the statute is clear, a court need not look to rules of statutory construction or other extrinsic aids. Instead, a court should simply apply the clear meaning of the statute to the facts before it. If, however, the statute is ambiguous, this court must look beyond the statute's language and examine the scope, history, context, subject matter, and purpose of the statute.

*UFE Inc. v. LIRC*, 201 Wis. 2d 274, 281–82, 548 N.W.2d 57 (1996). (Citations omitted.)

¶ 7.   According to this court in *UFE Inc.*, the first step is to determine whether a statute is ambiguous.

---

**(14)**   At any hearing under sub. (13), all of the following apply:

   (a)   The burden of demonstrating by the preponderance of the evidence the amount of loss sustained by a victim as a result of the crime is on the victim. . . .

   (b)   The burden of demonstrating, by the preponderance of the evidence, the financial resources of the defendant. . .is on the defendant. The defendant may assert any defense that he or she could raise in a civil action for the loss  sought to be compensated. . . .

   (d)   All parties interested in the matter shall have an opportunity to be heard, personally or through counsel, to present evidence and to cross-examine witnesses called by other parties. The court. . .shall conduct the proceeding so as to do substantial justice between the parties according to the rules of substantive law and may waive the rules of practice, procedure, pleading or evidence, except provisions relating to privileged communications. . . . Discovery is not available except for good cause shown.

"[A] statutory provision is ambiguous if reasonable minds could differ as to its meaning." *UFE Inc.*, 201 Wis. 2d at 283, quoting *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 662, 539 N.W.2d 98 (1995). Ambiguity can be found in the words of the statutory provision itself, or by the words of the provision as they interact with and relate to other provisions in the statute and to other statutes. *In re Custody of D.M.M.*, 137 Wis. 2d 375, 386, 404 N.W.2d 530 (1987).

¶ 8.    When construing a statutory provision, the entire section and related sections of the statute should be considered. *Id. See also, White Hen Pantry v. Buttke*, 98 Wis. 2d 119, 122, 295 N.W.2d 763 (Ct. App. 1980), *rev'd on other grounds*, citing *Omernik v. State*, 64 Wis. 2d 6, 12, 218 N.W.2d 734 (1974). In determining the meaning of a single word or a single phrase in a statute, it is necessary to view it in light of the entire statute. *Buttke*, 98 Wis. 2d at 122 (citation omitted).

¶ 9.    Seizing on one sentence, indeed one word, of Wis. Stat. § 973.20(14)(b), in isolation, the court of appeals literally drew the successive conclusions that civil statutes of limitation apply in restitution proceedings and that civil tolling statutes and judge-made civil discovery rules must be applied to the disposition of restitution claims. The word is "any" in Wis. Stat. § 973.20(14)(b), and the court of appeals claimed that it is an unambiguous term, so no further analysis need be done.

¶ 10.    The court of appeals' error was in its characterization of Wis. Stat. § 973.20(14)(b) as unambiguous. This characterization is possible only if one looks exclusively at the word "any," while ignoring the remainder of Wis. Stat. § 973.20(14)(b) itself, Wis. Stat. § 973.20 as a whole, and related statutes, partic-

ularly Wis. Stat. § 939.74. Ambiguity in a statute can be created by the interaction of two separate statutes, as well as by the interaction of words and structure of a single statute. *In re Custody of D.M.M.*, 137 Wis. 2d 375, 386.

¶ 11. The statutory provision at issue in this case is Wis. Stat. § 973.20(14)(b), which provides in relevant part that "[t]he defendant may assert any defense that he or she could raise in a civil action for the loss sought to be compensated." When read alone, this provision appears to be clear and unambiguous. However, when read in conjunction with the remainder of the statute, the provision at issue becomes ambiguous. As the State explains in its brief, the word "any" on its own is unequivocal, but the term "any defense" as used in the statute is neither self-defining nor defined. The legislative history of the statute and the placement of the provision at issue indicate that "any defense" is applicable only toward the defense of the amount of the loss at issue, and therefore does not include "any defense" imaginable. Further, other language in § 973.20(14) authorizes the court to waive rules of "practice, procedure, pleading or evidence" in a restitution hearing. Wis. Stat. § 973.20(14)(d). Additionally, although the language in other provisions of § 973.20 makes it clear that restitution hearings are not to be conducted like a civil trial, the language in Wis. Stat. § 973.20(14)(b) purports to allow a defendant to rely on any defense available in a civil action. We conclude that the statutory provision at issue in this case, Wis. Stat. § 973.20(14)(b), is ambiguous.

¶ 12. Because the language of the statute is ambiguous when construed in light of the statute as a whole, this court looks to the "scope, history, context, subject matter, and purpose of the statute." *UFE Inc.*,

201 Wis. 2d at 282. When we examine the scope, history, context, subject matter, and purpose of the statute, this court concludes that the entire subject matter of the restitution statute goes to establishing the amount of the loss sought to be compensated. Defenses to liability are not relevant once restitution is available to crime victims.

¶ 13.  There is no explanation in the legislative drafting record of the phrase "any defense" in Wis. Stat. § 973.20(14)(b). However, the origins of this phrase and its placement within Wis. Stat. § 973.20 combine to show that the legislature intended "any defense" to mean only defenses as to the amount of restitution, and not defenses to liability for restitutionary payments or acts.

¶ 14.  The requirement that convicted criminals pay restitution to their victims was first mandated by Wis. Stat. § 973.09 (1979–80). In 1987, Wis. Stat. § 973.20 was created to set restitution requirements, and Wis. Stat. § 973.09 was amended to require conformance with the new statute. Subsection (14)(b) of Wis. Stat. § 973.20 has not been changed since the statute was first enacted.

¶ 15.  The judicial council notes for Wis. Stat. § 973.20 indicate that subsection (13)(a) was patterned on 18 U.S.C. § 3664(a) and is similar to former Wis. Stat. § 973.09(1m). Subsections (14)(a) to (c) are patterned on 18 U.S.C. § 3664(d) and the former Wis. Stat. § 973.09(1m)(a).

¶ 16.  Subsection (13)(a)  lays out the factors a court may consider and the findings a court may make before ordering restitution. When a defendant fails to offer evidence concerning his or her ability to pay, the court may order restitution without making detailed findings on the factors in subsection (13)(a)1 through 4,

because the defendant's inability to pay the claimed restitution is not an issue before the court. *State v. Szarkowitz*, 157 Wis. 2d 740, 749, 460 N.W.2d 819 (Ct. App. 1990). Subsections (14)(a) and (b) describe the standard and burden of proof with regard to those "ability to pay" factors.

¶ 17. The drafting committee based Wis. Stat. § 973.20(14)(a)–(c) on 18 U.S.C. § 3664(d)(1985):

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be an the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

This subsection of the federal statute places the burden of proving the defendant's financial condition on the defendant. This subsection does not address the defendant's liability for restitution. 18 U.S.C. § 3664(d) is four sentences long. The first sentence of 18 U.S.C. § 3664(d) sets the standard of proof for determining the proper amount of restitution. The final three sentences of 18 U.S.C. § 3664(d) allocate the burdens of proof. These three sentences directly correlate to subsections (14)(a), (14)(b), and (14)(c) of Wis. Stat. § 973.20. For example, the second sentence of the federal statute establishes the victim's burden to prove financial loss. Likewise, subsection (14)(a) of Wis. Stat. § 973.20 establishes the victim's burden to prove financial loss. The third sentence of the federal statute establishes

the defendant's burden to prove his financial resources and needs. Similarly, subsection (14)(b) of Wis. Stat. § 973.20 establishes the defendant's burden to prove his financial resources and needs.[6] It is in this subsection, (14)(b), that the legislature has placed the phrase "[t]he defendant may assert any defense that he or she could raise in a civil action for the loss sought to be compensated."

¶ 18.   18 U.S.C. § 3664(d) relates only to the determination of the amount of restitution and not to a determination of liability for restitution. Wis. Stat. § 973.20(14)(a)–(c) very closely follows the form and content of that statute.

¶ 19.   In addition to basing Wis. Stat. § 973.20(14)(b) on 18 U.S.C. § 3664(d), the legislature also relied on part of Wisconsin's former restitution statute, Wis. Stat. § 973.09(1m)(a). The phrase "[the defendant] may assert any defense that he or she could raise in a civil action for the loss sought to be compensated," was taken directly from former Wis. Stat. § 973.09(1m)(a). A review of the legislative history for this particular sentence from prior Wis. Stat. § 973.09(1m)(a) reveals that this sentence was first introduced into the earlier restitution statute in 1981. The drafting record demonstrates that except for one minor wording change, this sentence was not changed from the original draft to the final publication of Wis.

---

[6] The final sentence of 18 U.S.C. § 3664(d) states that the burden of proving other appropriate matters shall be determined by the court. Likewise, Wis. Stat. § 973.20(14)(c) states that the burden of proving other appropriate matters shall be determined by the court.

Stat. § 973.09(1m)(a) in Chapter 352 of the Laws of 1981.[7] Wis. Stat. § 973.09(1m)(a) (1981–82) reads:

> In determining the amount and method of payment of restitution, the court shall consider the financial resources and future ability of the probationer to pay. The court may provide for payment of restitution to the victim up to but not in excess of the pecuniary loss caused by the offense. *The probationer may assert any defense that he or she could raise in a civil action for the loss sought to be compensated.* If the court also orders payment of fines, related payments under s. 973.05 and costs under s. 973.06, it shall set the amount of fines, related payments and costs in conjunction with the amount of restitution and issue a single order, signed by the judge, covering all payments required as a condition of probation. If the costs for legal representation by a private attorney appointed under s. 977.08 are not established at the time of issuance of the order, the court may revise the order to include those costs at a later time. The court shall consider the interest of the victim in receiving restitution when determining whether to order payment of costs.

¶ 20.   In Wis. Stat. § 973.09(1m)(a), the sentences leading up to the "any defenses" sentence relate only to the determination of the amount of restitution. Wis. Stat. § 973.09(1m)(a), like 18 U.S.C. § 3664(d), thus focuses on the amount of restitution and not on post-conviction liability for restitution.

¶ 21.   Aside from the legislative history, there are numerous other factors that suggest that the criminal statute of limitations, not a civil statute of limitations,

---

[7] The only change was that the phrase "is entitled to" was replaced by the word "may" in one of the earlier drafts of the statute.

is appropriate in a restitution hearing. The statute at issue applies in all restitution hearings. A restitution hearing in a criminal proceeding is part of the criminal sentencing process, and serves the goals of the criminal justice system. *See State v. Pope*, 107 Wis. 2d 726, 729, 321 N.W.2d 359 (Ct. App. 1982). Restitution serves a dual purpose, making the victim whole and rehabilitating the defendant. *Id.* In *State v. Dugan*, 193 Wis. 2d 610, 534 N.W.2d 897 (Ct. App. 1995), the court of appeals noted that the Ninth Circuit Court of Appeals has explained that the primary purpose of restitution is not to punish the defendant, but to compensate the victim. *Id.* at 623, citing *United States v. Salcedo-Lopez*, 907 F.2d 97 (9th Cir. 1990).

¶ 22.   Further, under Wis. Stat. § 973.20(1), (8), and (13)(a)1, the policy of restitution is to benefit "any victim" of a crime the defendant has committed. Despite this statutory directive, if the civil statute of limitations is to apply in cases such as this one, then not all of the victims of the charged crimes will be given the opportunity to be made whole.

¶ 23.   Apparently conflicting provisions of law should be construed so as to harmonize them and thus give effect to the leading idea behind the law. *State v. Schaller*, 70 Wis. 2d 107, 110, 223 N.W.2d 416 (1975). If a statute is capable of being construed in different ways, that construction which works absurd or unreasonable results should be avoided. *Buttke*, 98 Wis. 2d at 123–24. In a case involving restitution, it would be absurd and unreasonable for some of the victims of the charged offense to recover, while other victims may not recover despite the criminal conviction. Consequently, the statute of limitations which may properly be asserted as a defense to a victim's claim for restitution

should be the same statute of limitations which applies to criminal prosecution as a whole, Wis. Stat. § 939.74, including its tolling provisions. This is consistent with the overall purpose of the statute.

¶ 24. The natural reading of Wis. Stat. § 973.20 in harmony with Wis. Stat. § 939.74, the applicable criminal statute of limitations, is that the same statute of limitations applies to the restitution proceedings as to the rest of the criminal action. This reading comports with the recognized dual purpose of restitution of 1) rehabilitating a defendant and 2) making all victims of his or her crimes whole to the extent reasonably possible. This interpretation is consistent with the state being the movant on behalf of the victims. The state is entitled to the criminal statute of limitations in enforcing restitution. The statute of limitations applies to the state and not to the victims of crimes because it is the state, and not the victims, which files criminal actions against the defendant.[8] The State brought the action against the defendant in a timely manner, and has therefore met the statute of limitations.[9]

¶ 25. To rule otherwise and allow the civil statute of limitations to apply in restitution proceedings would lead to unfair results that are not in keeping with one of the goals of restitution to make all victims of a crime whole. *See* Wis. Stat. § 973.20(1), (8), and (13)(a)1. For example, as previously mentioned, some of the victims of the charged offense will be allowed to

---

[8] We note, however, that "[t]he burden of demonstrating. . .the amount of loss sustained by a victim as a result of the crime considered at sentencing is on the victim." Wis. Stat. § 973.20(14)(a).

[9] *See generally State ex rel. Globe Steel Tubes Co. v. Lyons*, 183 Wis. 107, 121, 197 N.W. 578 (1924) (statutes of limitation do not run against the state unless expressly so provided).

recover, while others may not recover despite the criminal conviction. Additionally, unjust results can be illustrated with the example of a battery where the civil statute of limitations is two years for an intentional tort[10] and three years for an unintentional tort,[11] but the criminal statute of limitations is six years pursuant to Wis. Stat. § 939.74. If prosecution is not commenced until three and one-half years after the incident, the sentencing court would be precluded from ordering restitution under the court of appeals' decision because the defendant would be permitted to assert a shorter civil statute of limitations.

¶ 26. The natural interpretation of Wis. Stat. § 973.20(14)(b) and (d), and the only one which most comports with Wis. Stat. § 973.20 as a whole and the legislative policies that restitution is intended to serve is that in a restitution proceeding, a defendant should be able to raise substantive defenses, such as mitigation, set-off, or accord and satisfaction, which go to the measure or amount of total restitution. However, other civil defenses available in a civil action, such as contributory negligence, lack of jurisdiction, or lack of capacity to sue or be sued simply do not make sense in a restitution hearing.[12] Neither does the application of a civil statute of limitations in a restitution proceeding after a defendant has been convicted of a criminal offense. Both the legislative history and the goals of restitution support this result.

¶ 27. The trial court is, with limited exceptions, authorized to "waive the rules of practice, procedure, pleading or evidence" in service of the goal of "con-

---

[10] Wis. Stat. § 893.57.

[11] Wis. Stat. § 893.54.

[12] For a list of several affirmative defenses to civil actions, see Wis. Stat. § 802.06(2).

duct[ing] the proceeding so as to do substantial justice." Wis. Stat. § 973.20(14)(d). Technical or procedural defenses which might be proper in a civil proceeding may be asserted only to the extent that they are not inconsistent with the informal nature of a restitution proceeding and with the general policy goal of achieving "substantial justice."

¶ 28. The prospect of a restitution proceeding distracted from the goal of doing "substantial justice" by the technicalities of civil tolling and discovery matters, as envisioned by the court of appeals, is simply at odds with the degree of responsibility a convicted felon like defendant is expected to embrace when he actively seeks probation and an order to pay restitution in lieu of a substantial prison sentence as defendant did. The defendant has been convicted of intentionally violating a criminal racketeering statute resulting, in turn, in the bilking of his numerous victims of hundreds of thousands of dollars of their assets. "Substantial justice" requires that each of his victims be entitled to share in whatever monetary restitution defendant can be required to provide. The technicalities of civil tort proceedings and the rules of pleading, service of process, and tolling of causes of action which accompany them would fundamentally distract from, rather than serve to achieve, "substantial justice."

¶ 29. Another indication that the phrase "any defenses" was intended to include only defenses relating to the amount of restitution and not those relating to liability for restitution is the location of this phrase in relation to the rest of the statute. Under Wis. Stat. § 973.20(1), there is no process for determination of

liability for restitution.[13] An order for restitution upon conviction of a crime is at least directory:

> When imposing sentence or ordering probation for any crime, the court, in addition to any other penalty authorized **by** law, **shall order** the defendant to make full or partial restitution. . .**unless** the court finds substantial reasons not to do so and states the reason on the record.

Wis. Stat. § 973.20(1). *See also, State v. Borst,* 181 Wis. 2d 118, 121–22, 510 N.W.2d 739 (Ct. App. 1993)(holding that subsec. (1) imposes a mandatory duty on a circuit court to provide for restitution, and that a sentence not providing for restitution is illegal and subject to amendment to include restitution). Restitution is a part of the defendant's sentence. Significantly, the provision permitting a defendant to invoke "any defense" was not included in Wis. Stat. § 973.20(1), where liability for restitution is strictly established. Read in this light, there is little or no risk that only some of the defendant's victims will be compensated under this statute. This construction thus harmonizes the "any defenses" segment with the purpose of the statute, which is to benefit "any victim."

¶ 30. The sentence in Wis. Stat. § 973.20(14)(b) that allows the defendant to assert "any" civil defenses, was placed directly in the middle of these subsections relating to the amount of restitution. This is an indication that the phrase "any defenses" in Wis. Stat. § 973.20(14)(b), is really a reference to defenses relat-

---

[13] The only reference to liability in Wis. Stat. § 973.20 is the provision for apportionment of liability, and thus apportionment of the obligation for restitutionary payments, contained in Wis. Stat. § 973.20(7).

ing to the determination of the amount of loss to be compensated.

¶ 31. Additionally, the phrase "any defense that he or she could raise in a civil action" as found in Wis. Stat. § 973.20(14)(b) is immediately followed by the phrase "for the loss sought to be compensated." This placement seems to clearly indicate that the "any defense" to which the statute refers means any defense to the amount of restitution ordered by the trial court, or "any defense. . .for the loss sought to be compensated." Under this reading, the assertion that a defendant could submit the civil statute of limitations as a defense is ludicrous. Neither the placement of the phrase, the overall purpose of restitution, nor the directory, if not mandatory, nature of ordering restitution, indicate an intent to allow the defendant to raise, after conviction, civil defenses to liability for financial loss.

¶ 32. This reasoning, in conjunction with the statutory purposes of Wis. Stat. § 973.20(14)(b), leads to the conclusion that "any defense" does not mean "all defenses available in a civil suit." Rather, it means "all defenses relating to the determination of the loss sought to be compensated by restitution."

¶ 33. In this case, Wis. Stat. § 939.74 does not bar a claim for restitution on any claim occurring after April 1, 1983. Under Wis. Stat. § 939.74(1) a prosecution for a felony must ordinarily be commenced within six years. Under Wis. Stat. § 939.74(3), however, "the time during which the actor was not publicly a resident within this state. . .shall not be included" in the computation. A restitution hearing governed by Wis. Stat. § 973.20 is plainly part of a criminal prosecution. In this case, the defendant testified that he left Wisconsin and moved to Texas on or about April 1, 1989, and that he had resided there continuously since that time. By

operation of Wis. Stat. § 939.74(3), therefore, the running of the statute of limitations for felonies committed by defendant prior to leaving Wisconsin was tolled on April 1, 1989, when he was no longer "publicly a resident within this state." *See id.; see also Sher*, 149 Wis. 2d at 9; *State v. Whitman*, 160 Wis. 2d 260, 266–67, 466 N.W.2d 193 (Ct. App. 1991).

¶ 34.   In *Whitman*, the court stated: "The statute of limitations will run as long as the residency in question is both public and within the state. Absent these two conditions. . .the statute is tolled." *Id.* As the trial court correctly concluded, therefore, the relevant statute of limitations, Wis. Stat. § 939.74, does not bar a claim for restitution on any transaction occurring after April 1, 1983. Because the restitution order is limited to claims arising within the applicable statute of limitations, the defendant's claim that some claims are barred because they arose more than six years before the complaint was filed and the warrant issued on June 22, 1993, must be rejected.

¶ 35.   In sum, the statutory provision at issue, Wis. Stat. § 973.20(14)(b), while unambiguous on its own, is ambiguous when viewed in light of the statute in its entirety. Due to the ambiguity, this court must look to other factors including the purpose and policy behind the statute and the provision at issue in light of the whole statute to determine what the provision means. Based on the legislative history and on purpose of the statute to both rehabilitate the defendant and to compensate **any victim** of the defendant's crime, the court of appeals' interpretation of the statute is incorrect, for it allows a defendant in certain circumstances to be convicted of a crime such as fraud without having to make restitution to those most harmed by the crime. Restitution is not just a punishment for the defendant;

it is intended to make the victims of criminal acts whole. It only makes sense that the same statute of limitations that applies in the underlying criminal proceeding, including its tolling provisions, should also apply in the restitution proceedings.

■

¶ 36. For the foregoing reasons, we reverse the court of appeals' decision and hold that the same statute of limitations that applies in the underlying criminal proceedings, Wis. Stat. § 939.74, including its tolling provisions, also applies in the restitution proceedings.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 37. ANN WALSH BRADLEY, J. (dissenting). I dissent. The question presented is whether the civil or the criminal statute of limitations applies in a restitution proceeding. I conclude that whether considered alone or in conjunction with other statutory provisions, Wis. Stat. § 973.20(14)(b) unambiguously mandates application of the relevant civil statute of limitations to restitution proceedings. Accordingly, I would affirm the decision of the court of appeals.

¶ 38. The relevant statute, § 973.20(14)(b), provides that in a restitution hearing, a "defendant may assert any defense that he or she could raise in a civil action for the loss sought to be compensated." This court must interpret § 973.20(14)(b) to determine whether the phrase "any defense that he or she could raise in a civil action" applies to a civil statute of limitations defense or to a criminal statute of limitations defense.

¶ 39. When interpreting a statute, this court seeks to identify and effectuate the intent of the legislature. *Stockbridge School Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996). We look first to the plain meaning of the statutory text. If the meaning of the statutory text is unambiguous, we need not look further. *Id.* at 220. However, statutory language may be rendered ambiguous by the interaction between separate, related statutes, or by the interaction of words and structure of a single statute. *F.P.R. v. J.M.*, 137 Wis. 2d 375, 386, 404 N.W.2d 530 (1987).

¶ 40. I agree with the majority when it states that § 973.20(14)(b) "[is] unambiguous on its own," and when read alone "appears to be clear and unambiguous." Majority op. at 417, 428. There is no dispute that the statute of limitations is a defense in criminal and civil actions. Thus, the statute of limitations meets the definition of "any defense." The question is whether it is the civil statute of limitations or the criminal statute of limitations that can be raised as a defense in a civil action. The answer is apparent. Only the civil statute of limitations can be raised as a defense in a civil action; the criminal statute of limitations is not available as a defense in a civil action. The plain language of § 973.20(14)(b) mandates application of the civil statute of limitations in restitution proceedings.

¶ 41. I disagree with the majority's conclusion that the relevant language in § 973.20(14)(b) becomes ambiguous when considered in the context of the remainder of the statutory provision and other relevant statutes. The majority concludes that the relevant portion of § 973.20(14)(b) is ambiguous because: 1) the term "any defense" is neither self-defining nor defined; 2) the legislative history and placement of the provision indicate that " 'any defense' is applicable only

toward the defense of the amount of the loss at issue"; 3) courts are statutorily authorized to waive rules of "practice, procedure, pleading or evidence" when conducting restitution proceedings; and 4) other language in § 973.20 makes "clear that restitution hearings are not to be conducted like a civil trial." I find unpersuasive each of the bases for the majority's ambiguity determination.

¶ 42. The majority's assertion that the phrase " 'any defense' as used in the statute is neither self-defining nor defined" adds nothing to the analysis and is incorrect. Majority op. at 417. Few, if any, words are "self-defining." The definition of "any" may be found in a dictionary, and a partial list of civil "defenses" is provided in § 802.02(3), which includes the statute of limitations. We have repeatedly held that resorting to dictionary or statutory definitions is not a basis for determining that a statutory term is ambiguous. *Girouard v. Circuit Court for Jackson County*, 155 Wis. 2d 148, 156, 454 N.W.2d 792 (1990); *State ex rel. Smith v. City of Oak Creek*, 139 Wis. 2d 788, 798 n.6, 407 N.W.2d 901 (1987). What does "any defense" mean in this context? The term is further defined by the words following it: "any defense" is a defense that a defendant "could raise in a civil action." § 973.20(14)(b). As I have already noted, a civil statute of limitations is such a defense, while a criminal statute of limitations is not.

¶ 43. The majority asserts that the legislative history and the placement of the provision in question show that the "any defense" language is ambiguous and refers only to defenses to the amount of restitution. The majority incorrectly uses legislative history to render the statute ambiguous. This court has consistently stated that: 1) resort to legislative history is inappropriate in the absence of a finding of ambiguity;

and 2) legislative history cannot be used to render statutory language ambiguous. *See*, e.g., *Cynthia E. v. La Crosse County Human Services Dep't.*, 172 Wis. 2d 218, 229, 493 N.W.2d 56 (1992); *Smith*, 139 Wis. 2d at 798; *Aparacor, Inc. v. DILHR*, 97 Wis. 2d 399, 403, 293 N.W.2d 545 (1980). While I find no basis for resorting to legislative history, I address briefly the majority's reliance on it for the proposition that a defendant in a restitution hearing may raise only those civil defenses that speak to amount of restitution.

¶ 44.   The majority notes that 18 U.S.C. § 3664(d) deals only with the amount of restitution, and reasons that because § 973.20(14)(a)–(c) was patterned after the federal statute, the "any defense" language at issue in this case must also speak only to the amount of restitution. Far from aiding the majority, the text of 18 U.S.C. § 3664(d) actually undermines the conclusion that the legislature intended "any defense" to mean only those defenses that affect the amount of a victim's loss. Unlike § 973.20(14)(a)–(c), 18 U.S.C. § 3664(d) states that its provisions "do[ ] not address the defendant's liability for restitution." Thus, by its express terms, 18 U.S.C. § 3664(d) deals only with the amount of restitution.

¶ 45.   In creating § 973.20(14)(a)–(c), our legislature borrowed freely from 18 U.S.C. § 3664(d), yet refrained from including any of the federal statute's language that would limit a defendant to only those defenses relating to the amount of restitution. Moreover, as the majority correctly notes, the legislature did not take the "any defense" language from 18 U.S.C. § 3664(d); the language was already part of Wisconsin's then existing restitution statute. *See* Wis. Stat. § 973.09(1m)(a) (1981–82).

¶ 46.   Thus, the legislative history shows that our legislature did not adopt the limiting language of 18 U.S.C. § 3664(d). Instead, the legislature adopted language that the majority concedes "appears" to unambiguously allow a defendant to raise a civil statute of limitations in a restitution proceeding. The majority nevertheless concludes that the legislative history endorses the majority's limitation on the phrase "any defense."

¶ 47.   Continuing its legislative history inquiry, the majority notes that the statutory predecessor to § 973.20(14) contained the same "any defense" language that the present restitution statute carries, and that each version of the statute places the "any defense" language after sentences dealing only with the amount of restitution. According to the majority, the placement of the "any defense" provision:

> seems to clearly indicate that the "any defense" to which the statute refers means any defense to the amount of restitution ordered by the trial court, or "any defense. . .for the loss sought to be compensated."

Majority op. at 427 (omission in the original).

¶ 48.   The majority's alternative interpretations of "any defense" are infirm because they necessitate a rewriting of the statute. In order to reach its conclusion that "any defense" means "any defense *to the amount of restitution ordered by the trial court,*" the majority must create statutory text out of whole cloth. In order to reach the conclusion that "any defense" means "any defense. . .for the loss sought to be compensated," the majority must delete the important phrase "*that he or she could raise in a civil action,*" the very statutory language at issue in this case. Under either view, the

majority rewrites the statute in order to give meaning to its placement argument.

¶ 49.  It is true that each version of the restitution statute has the "any defense" provision preceded by sentences dealing only with the amount, rather than the fact, of restitution liability. However, in both the old and new versions of the statute, the legislature has refrained from so limiting the sentence containing the "any defense" language. The legislature could easily have provided that: "[t]he defendant may assert any civil defense that would reduce the amount of loss sought to be compensated." Significantly, it did not.

¶ 50.  The majority next relies on Wis. Stat. § 973.20(14)(d), which provides that a court "shall conduct the [restitution] proceeding so as to do substantial justice between the parties according to the rules of substantive law and may waive the rules of practice, procedure, pleading or evidence. . . ." The majority derives from this language the following proposition:

> Technical or procedural defenses which might be proper in a civil proceeding may be asserted only to the extent that they are not inconsistent with the informal nature of a restitution proceeding and with the general policy goal of achieving "substantial justice."

Majority op. at 425. The majority implies that § 973.20(14)(b) is ambiguous because a literal reading of the provision would allow a "technical or procedural defense" like the civil statute of limitations to upset the informal nature of a restitution proceeding.

¶ 51.  A statute of limitations defense is not a "technical" or a "procedural" defense; it is substantive law. *See Modica v. Verhulst*, 195 Wis. 2d 633, 644, 536 N.W.2d 466 (Ct. App. 1995), citing *Betthauser v. Medi-*

*cal Protective Co.*, 172 Wis. 2d 141, 493 N.W.2d 40 (1992).

> The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection. This court views statutes of limitation as substantive statutes because they create and destroy rights.

*Betthauser*, 172 Wis. 2d at 149 (citations and emphasis omitted). Section 973.20(14)(d) requires that the restitution proceedings be conducted "according to the rules of substantive law. . . ." It does not authorize a court to waive substantive statutory rights, one of which is the civil statute of limitations set forth in § 893.51(1). I therefore conclude that a court's authority under § 973.20(14)(d) to waive "the rules of practice, procedure, pleading or evidence" has no bearing on the issue of whether the civil or the criminal statute of limitations applies in a criminal restitution proceeding.

¶ 52. I also reject the majority's invocation of the specter of a "restitution proceeding distracted. . .by the technicalities of civil tolling and discovery matters." Majority op. at 425. The § 893.51(1) civil statute of limitations is no more difficult to apply than the criminal statute of limitations prescribed in Wis. Stat. § 939.74(1). Both "run" after six years. The § 939.74(1) period is tolled during the time that a criminal defendant is "not publicly a resident within this state," while the § 893.51(1) period is tolled while a defendant is out of state and not subject to personal jurisdiction under Wis. Stat. § 801.05. See Wis. Stat. § 893.19. In addi-

tion, the restitution statute expressly provides that "[d]iscovery is not available except for good cause shown." § 973.20(14)(d). I therefore find the majority's concern with "distracting civil technicalities" more imaginary than real.

¶ 53. The majority also contends that § 973.20(14)(b) is ambiguous because other provisions in § 973.20 make "clear that restitution hearings are not to be conducted like a civil trial." Majority op. at 417. I disagree with the majority's reading of § 973.20, because restitution proceedings do parallel civil proceedings in significant ways. For example, § 973.20(5)(a) provides that a defendant may be required to pay "special damages. . .which could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime. . . ." Also, the victim must demonstrate the amount of his or her loss by the preponderance of the evidence. §·973.20(14)(a). The same preponderance of the evidence burden is placed on the defendant for purposes of determining his or her financial wherewithal. § 973.20(14)(b). Furthermore, the State is not required to provide appointed counsel to indigent restitution defendants "unless the hearing is held at or prior to the sentencing proceeding, the defendant is incarcerated when the hearing is held or the court so orders." *Id.* The very provision at issue in this case, which allows a defendant to raise civil defenses in a restitution proceeding, anticipates that restitution hearings will be conducted in a quasi-civil manner.

¶ 54. Finally, the majority concludes that a literal reading of § 973.20(14)(b) would work an absurd result, because application of a civil statute of limitations would allow some crime victims to recover at least a portion of their pecuniary losses, while other victims'

claims would be time-barred. As the majority correctly notes, when the State seeks restitution, it does so on behalf of victims who would otherwise be required to bring a civil claim against the defendant. Majority op. at 423. It is not absurd that the State, claiming pecuniary damages on behalf of crime victims, would be held to the same statute of limitations that the victims would encounter in a civil action seeking to recover the loss compensated in restitution. Indeed, one might reasonably assert that it is the majority's reading of the statute that achieves an anomalous result, by reviving in a restitution proceeding the pecuniary claims of victims that would be time-barred in a civil action.

¶ 55. The majority states that it "only makes sense that the same statute of limitations that applies in the underlying criminal proceeding. . .should also apply in the restitution proceedings." Majority op. at 429. It advances the position that "substantial justice" requires that each victim be compensated. Majority op. at 425. In the absence of § 973.20(14)(b), the majority's reasoning might be persuasive. However, in advancing this common sense and substantial justice approach, the majority ignores the plain directive of the statute. The language of § 973.20(14)(b) unambiguously calls for the application of the civil statute of limitations to restitution proceedings.

¶ 56. In summary, because a criminal statute of limitations is not a "defense that [a defendant] could raise in a civil action," I conclude that § 973.20(14)(b) unambiguously requires the application of the relevant civil statute of limitations in a restitution proceeding. As such, the defendant in this case is entitled to invoke the § 893.51(1) statute of limitations. Accordingly, I would affirm the decision of the court of appeals.

¶ 57. For the foregoing reasons, I respectfully dissent.

¶ 58. I am authorized to state that Chief Justice Shirley S. Abrahamson joins this opinion.