COURT OF APPEALS
DECISION
DATED AND FILED

December 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1023-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF5**

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ERIC J. JOLING,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County: PAUL F. REILLY, Reserve Judge, and FREDERICK J. STRAMPE, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

¶1 GROGAN, J. Eric J. Joling appeals from a judgment[1] and a postconviction order[2] requiring him to pay $250 per month in restitution following his convictions for operating a motor vehicle while intoxicated (OWI) and OWI causing injury.[3] He claims that the circuit court erroneously exercised its discretion when it ordered restitution because it included the money Joling receives in Social Security Disability Insurance (SSDI) payments in determining his ability to pay restitution. We affirm.

## I. BACKGROUND

¶2 In January 2018, Joling drove while intoxicated and struck a limousine with five occupants. In June 2018, he pled no contest to one count of OWI (fifth offense) and one count of OWI causing injury (second and subsequent offense), contrary to WIS. STAT. §§ 346.63(1)(a) and 346.63(2)(a)1 (2017-18).[4] Four additional counts of OWI causing injury (second and subsequent offense) were dismissed and read in at sentencing. Three of the victims sought restitution under WIS. STAT. § 973.20, and after multiple hearings, the circuit court found that the total amount due for restitution was $59,808.47. The court ordered Joling to

---

[1] The Honorable Paul F. Reilly signed the judgment.

[2] The Honorable Frederick J. Strampe signed the order.

[3] Joling's Notice of Appeal also indicates that he is appealing "from the restitution decisions entered on February 28, 2020 and April 15, 2020" as well as "from the decision denying his motion for postconviction relief entered on August 20, 2021," all of which were entered by the Honorable Laura Lau. The only issues Joling raises on appeal, however, generally relate to whether a court may consider SSDI payments in determining a defendant's ability to pay restitution and whether the circuit court erred in doing so as it relates specifically to the postconviction order. We therefore limit our review to those issues specifically raised on appeal.

[4] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

pay restitution of $500 per month despite his argument that his Crohn's disease limited his employment options and his ability to pay.

¶3      In May 2021, Joling filed a postconviction motion under WIS. STAT. § 809.30(2)(h) alleging that new factors warranted modification of the restitution order.  Specifically, Joling argued that a worsening of his Crohn's disease affected his ability to work and that because of his condition, he now qualified for SSDI payments, which he argued could not be used to pay restitution under 42 U.S.C. § 407(a).[5]  *See Washington State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 383-85 (2003).  The circuit court, stating that it would not reconsider the restitution award because its order was final, denied the motion.[6]

¶4      Joling appealed the circuit court's order denying his request to modify the restitution order, and this court reversed and remanded to the circuit court with instructions that it conduct the proper new factor analysis[7] because in denying Joling's motion, it had "provided neither reasoning nor explanation in its decision."  *State v. Joling*, No. 2021AP1488-CR, unpublished op. and order at 4 (WI App Nov. 16, 2022).  Upon remand, the circuit court ordered Joling to update his financial situation, and he filed an affidavit indicating he earned, on average, approximately $1,000 per month from self-employment and that he received SSDI payments of $1,187 per month.

---

[5] Joling also argued that the COVID-19 pandemic, its impact on the economy, and his decreased employment prospects due to the pandemic also constituted new factors.  Joling later withdrew his COVID-19 related arguments and does not raise them on appeal.

[6] The Honorable Laura Lau signed this August 2021 order.

[7] *See State v. Harbor*, 2011 WI 28, ¶¶36-39, 333 Wis. 2d 53, 797 N.W.2d 828.

¶5 Following a hearing, the circuit court determined that a new factor existed and entered a new restitution order requiring Joling to pay $250 per month. In ordering Joling to pay $250 per month, the court explained that it was not ordering Joling to use his SSDI payments to pay restitution but instead reasoned that Joling could apply the SSDI payments to cover his personal expenses and that the restitution payments would, effectively, be paid from his self-employment income. Joling now appeals.

## II. DISCUSSION

¶6 On appeal, we must determine whether the circuit court erroneously exercised its discretion when it considered Joling's monthly SSDI payment in assessing his ability to pay restitution.[8] "Restitution orders involve discretionary decisions of the circuit court[,]" which we reverse "only if the [circuit] court applied the wrong legal standard or did not ground its decision on a logical interpretation of the facts." *State v. Wiskerchen*, 2019 WI 1, ¶18, 385 Wis. 2d 120, 921 N.W.2d 730 (quoted source omitted); *see also State v. Stone*, 2021 WI App 84, ¶9, 400 Wis. 2d 197, 968 N.W.2d 761. We are required to broadly construe the restitution statute, and "[w]e look for reasons to sustain a trial court's discretionary decision." *Wiskerchen*, 385 Wis. 2d 120, ¶¶18, 22 (quoted source omitted).

¶7 Joling asserts that the circuit court erroneously exercised its discretion when it determined that his SSDI payments could be considered in

---

[8] Although the postconviction motion was premised on a new factor, the issue on appeal involves the restitution modification, not whether the circuit court erred in finding the change in Joling's circumstances constituted a new factor. We therefore address only the modification.

determining his ability to pay restitution because, he says, federal law prohibits courts from doing so. Joling argues that the restitution order violates 42 U.S.C. § 407(a), which he quotes as saying that "none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process[.]" He says that when the court considered that he received SSDI from which he could cover his regular expenses, thereby leaving sufficient extra money in his earned income to pay restitution, this "subjected" his SSDI to "other legal process[.]" We disagree.

¶8    First, we reject Joling's assertions that in assessing his ability to pay restitution, the circuit court was required to completely disregard the fact that he receives monthly SSDI payments totaling $1,187, and the court instead should have only considered his monthly earned income of approximately $1,000. He says that because his earned income would not fully cover his monthly expenses, the court should have concluded he had no funds to pay restitution. Numerous courts have concluded that the federal law does not prohibit a court from considering social security income when determining restitution. *See, e.g.*, ***People v. J.G.***, 434 P.3d 1108, 1115-18 (Cal. 2019) (rejecting argument that 42 U.S.C. § 407(a) prohibited consideration of defendant's Supplemental Security Income (SSI) in determining ability to pay restitution and stating that "[u]nder ***Keffeler***, 42 U.S.C. [§] 407(a) does not preclude a court from considering SSI benefits in determining the ability to pay restitution"); ***Kays v. State***, 963 N.E.2d 507, 510-11 (Ind. 2012) (concluding "that social security benefits may be considered … in determining a defendant's ability to pay restitution" because failing to do so "may paint a distorted picture of her ability to pay restitution"); ***In re Lampart***, 856 N.W.2d 192, 200 (Mich. Ct. App. 2014) (finding "no error … in the trial court's

5

consideration of … SSDI benefits as income" in determining ability to pay restitution).[9]

¶9 Second, contrary to Joling's assertion, the circuit court did not "subject" Joling's SSDI to "other legal process." *See, e.g.*, **In re Lampart**, 856 N.W.2d at 200 (restitution order violates 42 U.S.C. § 407(1) if restitution "could *only* be satisfied from" SSDI benefits (emphasis added)). Rather, it simply acknowledged that: (1) Joling also receives self-employment income; and (2) based on the total amount of funds available to him each month, Joling could apply his SSDI payments toward his personal expenses, which amounted to approximately $1,719 per month, and use his earned income to pay the remainder of his expenses and the ordered restitution. We reject Joling's position that a circuit court ipso facto "subject[s]" a defendant's SSDI payments to a "legal process" when it orders restitution *even where the defendant has additional sources of income*. Accepting his position would effectively absolve most, if not all, defendants who receive SSDI payments—regardless of any other sources of income a defendant may receive—from having to pay restitution. This would be contrary to our restitution law.

---

[9] The State, in support of its position that a circuit court does not err in considering a defendant's SSDI payments in determining ability to pay restitution, notes that in **State v. Stone**, 2021 WI App 84, ¶¶7, 23, 400 Wis. 2d 197, 968 N.W.2d 761, we affirmed the circuit court's restitution order despite Stone's only source of income coming from SSDI payments. The issue presented in **Stone**, however, involved a question of statutory interpretation regarding the circuit court's application of WIS. STAT. § 973.20(2)(b) in determining the restitution amount and Stone's ability to pay restitution. **Stone**, 400 Wis. 2d 197, ¶¶11-12. Stone did not argue that a circuit court cannot consider SSDI payments—whether the SSDI payments are a defendant's sole source of income or one of multiple sources of income—and we therefore did not address that issue in **Stone**.

¶10    Joling also contends the circuit court's restitution order violates 42 U.S.C. § 407(a)'s "anti-assignment provision," which provides that "[t]he right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity[.]"  He says the restitution order violates this provision because "the practical effect … was to involuntarily transfer [his] right to a portion of his future SSDI payments to the victims," and in support of his position he cites to *State v. Kenyon*, 225 Wis. 2d 657, 664-66, 593 N.W.2d 491 (Ct. App. 1999), which concluded that ERISA's[10] "anti-alienation clause" prohibited the circuit court from directing the defendant to withdraw funds from his pension to pay restitution.

¶11    We reject Joling's contention.  The restitution order here does not conflict with the anti-assignment provision.  Importantly, the circuit court's order, unlike the order at issue in *Kenyon*, did not specifically transfer or assign Joling's SSDI payments to another person.  *See id.* at 663-64 (reversing circuit court order that ordered the defendant to withdraw funds from pension plan for the specific purpose of applying funds toward restitution in violation of ERISA).  Rather, the court here reasoned that because the total amount of Joling's monthly income, which consisted of the SSDI payments *and* his earned income, exceeded his monthly expenses, Joling could apply his SSDI income toward his expenses and pay the restitution from his earned income.  Although Joling suggests that "the practical effect" was a transfer of Joling's SSDI benefits, that simply is not the case because Joling's combined funds—the SSDI payments and earned income—

---

[10] "ERISA" is the acronym for Employee Retirement Income Security Act.  *See State v. Kenyon*, 225 Wis. 2d 657, 659, 593 N.W.2d 491 (Ct. App. 1999).

exceeded the amount of restitution ordered, and Joling therefore had sufficient non-SSDI funds from which to pay restitution.

¶12 Joling's final argument is that the circuit court's decision was "unrealistic" because it did not advance the dual purposes of criminal restitution— "'making the victim whole and rehabilitating the defendant.'"[11] *See State v. Fernandez*, 2009 WI 29, ¶25, 316 Wis. 2d 598, 764 N.W.2d 509 (quoting *State v. Sweat*, 208 Wis. 2d 409, 422, 561 N.W.2d 695). His argument seems to be that: (1) his insurance company reached settlement agreements with the victims, so he should not have to pay restitution because that would not make the victims whole; and (2) "raiding" his SSDI payments would "undermine" rather than aid his rehabilitation because it would further reduce his minimal funds. *See Fernandez*, 316 Wis. 2d 598, ¶¶24-25. We again reject his arguments.

¶13 First, civil insurance payouts may only be used to reduce restitution if the defendant proves "that a double recovery of special damages would result from the imposition of restitution." *State v. Muth*, 2020 WI 65, ¶38, 392 Wis. 2d 578, 945 N.W.2d 645. Joling has not done so. His trial counsel explicitly conceded that Joling had no evidence to prove the insurance settlements covered special damages and unequivocally affirmed that Joling was "not claiming any offsets, because those settlements don't specify general and special damages" and that Joling did not "have any evidence to present to the Court showing that there

---

[11] Joling additionally argued that the circuit court erroneously exercised its discretion when it considered his SSDI in its calculation because doing so violated the "language and purpose of 42 U.S.C. § 407(a)[.]" This argument is generally undeveloped and without citation to authority, and we therefore will not address it. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) ("It is insufficient to just state an issue on appeal without providing support for the position and providing legal authority supporting the position."); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

was some -- that payments of some amount would cause a double recovery, so [the insurance payment] has no effect on [restitution]." Accordingly, Joling cannot now make a different argument as to the insurance settlements.[12] *See, e.g.*, ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ("The party who raises an issue on appeal bears the burden of showing that the issue was raised before the circuit court.").

¶14 Second, as for the purpose of rehabilitation, restitution serves "'as an effective rehabilitative penalty because it forces defendants to confront concretely—and take responsibility for—the harm they have inflicted, and it appears to offer a greater potential for deterrence.'" ***Muth***, 392 Wis. 2d 578, ¶21 (citation omitted). Joling, relying on ***Fernandez***, 316 Wis. 2d 598, ¶¶24-25, claims the rehabilitative component of the restitution order was diminished because Joling's financial circumstances rendered the order unrealistic. *See id.*, ¶24 (explaining that "absent a meaningful determination of the defendant's ability to pay, restitution loses a large part of its significance"). The Record, however, belies Joling's claim, as it is clear that the circuit court thoughtfully considered Joling's circumstances when it reasoned that because Joling would have approximately $382 after paying his monthly expenses, he was able to pay $250 per month in restitution. This was not an unrealistic conclusion, and the restitution order was not unrealistic.

---

[12] In his appellate brief, Joling asserts that the restitution order does not serve to make the victims whole because they did not have "ongoing financial difficulties due to [his] actions" and "they had all accepted sizeable insurance payouts from [his] insurer and signed broad releases[,]" thereby making the victims "whole prior to 2020."

¶15     Moreover, our supreme court recently emphasized that "[t]he primary purpose of WIS. STAT. § 973.20 is to compensate the victim" and that the restitution statute "reflects a strong equitable public policy that victims should not have to bear the burden of losses if the defendant is capable of making restitution." *Wiskerchen*, 385 Wis. 2d 120, ¶22 (quoted source omitted).  Joling has failed to prove that the circuit court's restitution order constituted an erroneous exercise of discretion.  Accordingly, we affirm.[13]

        *By the Court.*—Judgment and order affirmed.

        Recommended for publication in the official reports.

---

[13] In the event Joling's financial circumstances change, he has the option of filing another motion to modify the restitution.