STATE of Wisconsin, Plaintiff-Respondent,

v.

Jerry DUGAN, Defendant-Appellant.

Court of Appeals

*No. 94–1962–CR. Submitted on briefs March 30, 1995.—Decided April 26, 1995.*

(Also reported in 534 N.W.2d 897.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Lynn M. Bureta* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J.   Jerry Dugan appeals from a trial court judgment and postconviction order directing him to pay restitution pursuant to § 973.20(1), STATS., in the amount of $40,000.[1] Dugan argues that: (1) the trial court's plea colloquy did not advise him that the court could order restitution, (2) the State breached the plea agreement by requesting restitution, (3) the evi-

---

[1] The trial court issued an order dated November 16, 1993, for Dugan to pay restitution, and later denied Dugan's motion for postconviction relief in a separate order dated July 18, 1994. Dugan's notice of appeal states that he appeals from only the judgment of the trial court and then gives an incorrect date of the judgment. The State construes Dugan's appeal as from the judgment and the postconviction order. We do likewise.

dence does not support the restitution order, and (4) the trial court failed to consider Dugan's ability to pay. We reject Dugan's arguments and therefore affirm the judgment and order.

## BACKGROUND

Dugan was charged with one count of aggravated battery with a dangerous weapon as a party to the crime, contrary to §§ 939.05, 939.63(1)(a)2 and 940.19(2), STATS., 1991-92, a Class C felony. Dugan was later charged with an additional count of unlawfully obstructing an officer, contrary to § 946.41(1), STATS. Pursuant to a plea agreement, Dugan was to enter a plea of no contest to the felony aggravated battery charge and the State would dismiss the misdemeanor obstructing charge and agree to recommend probation. The plea agreement did not specifically address restitution. However, at the plea hearing, Dugan's attorney stated that he would be free to argue for appropriate conditions of probation.

At the plea hearing, Dugan's attorney recited the plea agreement to the trial court and the State affirmed the agreement. However, based on the trial court's general policy against no contest pleas in most cases, the court advised Dugan that it would not accept a no contest plea. After conferring with his attorney, Dugan decided to enter a guilty plea.

The trial court then engaged Dugan in a personal plea hearing colloquy pursuant to § 971.08, STATS., and *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). The court opened this colloquy by eliciting Dugan's understanding that the court was not obligated to follow the plea agreement and that the court could impose the maximum sentence despite the State's probation recommendation. However, the court

did not address the possibility of restitution. Ultimately, the court accepted Dugan's guilty plea and ordered a presentence investigation and report.

At the sentencing hearing, the State requested ten years' probation with one-year confinement in the county jail and restitution in the amount of $40,000 as conditions of probation. In his allocution statement, Dugan requested a stayed sentence of five years, a period of probation and restitution as a condition of probation. The court rejected the plea agreement and imposed a sentence of eight years. In addition, the court ordered Dugan to pay the victim $40,000 in restitution pursuant to § 973.20, STATS.

Dugan filed a postconviction motion seeking relief from the restitution order. [2] He argued that the restitution was "potential punishment" within the meaning of the plea colloquy statute, § 971.08, STATS., and that the court had erred in failing to warn him that restitution could be ordered. The trial court concluded that restitution was not punishment and denied the motion. Dugan appeals.

## DISCUSSION

We first address Dugan's argument that the trial court erred by not advising him of the possibility of restitution during the plea colloquy. As a remedy, Dugan asks that we vacate the restitution order.[3]

---

[2] After his plea but before sentencing, Dugan filed a motion to withdraw his plea on grounds unrelated to this appeal. The trial court denied this motion, and that ruling is not before us.

[3] Ordinarily, if a defendant is not properly advised pursuant to § 971.08, STATS., the remedy is withdrawal of the plea. *See State v. Bangert,* 131 Wis. 2d 246, 272-74, 389 N.W.2d 12, 25-26 (1986). Here, however, Dugan does not seek this relief. Instead, he asks that we vacate the restitution order. Since we reject all

When a defendant alleges that he or she did not know or understand the information which should have been provided at the plea hearing and shows that the trial court failed to follow the procedures necessary to properly accept a plea, a prima facie case is made that the plea was not knowingly and voluntarily entered. *State v. James,* 176 Wis. 2d 230, 237, 500 N.W.2d 345, 348 (Ct. App. 1993). Whether Dugan has made a prima facie showing that his plea was entered involuntarily or unknowingly is a question of law which we review de novo. *See id.*

A valid guilty plea should represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970). Before accepting a plea of guilty or no contest, the trial court has a mandatory duty to undertake a personal colloquy with a defendant to ascertain his or her understanding of the nature of the charge. *Bangert,* 131 Wis. 2d at 260, 389 N.W.2d at 20. In Wisconsin, that communication is statutorily prescribed by § 971.08, STATS., which provides in part:

> **Pleas of guilty and no contest; withdrawal thereof. (1)** Before the court accepts a plea of guilty or no contest, it shall do all of the following:
> (a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the *potential punishment* if convicted.
> (b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged. [Emphasis added.]

---

of Dugan's arguments against the restitution order, we need not decide whether the limited relief he requests is appropriate.

A plea entered in violation of a defendant's due process rights, including the right to enter a knowing and voluntary plea after being informed of the criminal penalties, is void and entitled to be withdrawn. *State v. Bartelt,* 112 Wis. 2d 467, 485-86, 334 N.W.2d 91, 99-100 (1983). When informing accused persons of their rights, courts are required to notify them of the " 'direct consequences' " of their pleas. *James,* 176 Wis. 2d at 238, 500 N.W.2d at 348 (quoting *Brady v. United States,* 397 U.S. 742, 755 (1970)). However, defendants have no due process right to be informed of the "collateral consequences" to a voluntary and intelligent plea of guilty. *See State v. Madison,* 120 Wis. 2d 150, 160-61, 353 N.W.2d 835, 841 (Ct. App. 1984). "[T]he distinction between direct and collateral consequences of a plea . . . turns on whether the result represents a definite, immediate, and largely automatic effect on the range of the defendant's *punishment.*" *James,* 176 Wis. 2d at 238, 500 N.W.2d at 348 (quoted source omitted; emphasis added). The threshold question is whether restitution is *punishment.*[4]

Dugan hinges his argument that restitution is "potential punishment" under § 971.08, STATS., on the language contained in the restitution statute, § 973.20(1), STATS.[5] The statute provides in its opening

---

[4] Therefore, even if restitution is "definite, immediate, and largely automatic" within the meaning of *State v. James,* 176 Wis. 2d 230, 238, 500 N.W.2d 345, 348 (Ct. App. 1993) (quoted source omitted), it is not a mandatory component of a valid plea colloquy under § 971.08, STATS., if it is not punishment.

[5] Section 973.20, STATS., provides in part:

**Restitution. (1)** When imposing sentence or ordering probation for any crime, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution

sentence that a sentencing court "in addition to any other *penalty* authorized by law, shall order the defendant to make full or partial restitution." *Id.* (emphasis added). From this language, Dugan reasons that "the statute itself recognizes restitution as . . . a penalty or punishment."

We disagree with Dugan that the use of the word "penalty" in the restitution statute necessarily compels the conclusion that restitution also constitutes "potential punishment" for purposes of the plea colloquy statute. We think that approach too simplistic.

We begin by rejecting Dugan's unspoken notion that the consequences of a sentencing proceeding (whether they be incarceration, a fine, restitution, probation, or conditions of probation) can or should be exclusively catalogued as either punishment or rehabilitation. Instead, we conclude that such consequences represent a blend of both concepts. The primary factors that a sentencing court considers are: (1) the gravity of the offense, (2) the character of the offender, and (3) the need to protect the public. *State v. Iglesias*, 185 Wis. 2d 117, 128, 517 N.W.2d 175, 178, *cert. denied*, 513 U.S. —, 115 S. Ct. 641 (1994). In applying these factors, the sentencing court seeks the proper balance between the offender's punishment and rehabilitation.

under this section to any victim of the crime or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record. Restitution ordered under this section is a condition of probation or parole served by the defendant for the crime. After the termination of probation or parole, or if the defendant is not placed on probation or parole, restitution ordered under this section is enforceable in the same manner as a judgment in a civil action by the victim named in the order to receive restitution or enforced under ch. 785.

To demonstrate our point, we examine two sentencing provisions which courts often utilize: (1) straight incarceration, and (2) drug or alcohol treatment as a condition of probation. Incarceration has an obvious and dominant punitive effect. However, incarceration can also work a rehabilitative effect on the offender. *See E.C. v. DHSS,* 142 Wis. 2d 906, 917-18, 420 N.W.2d 37, 41 (1988). Drug or alcohol treatment has an obvious and dominant rehabilitative effect. However, such treatment, particularly if ordered on an inpatient basis with a concomitant loss of liberty, can also work a punitive effect.

We see restitution as no different. As we will later explain, restitution is commonly considered as a rehabilitative tool to the offender and as a compensatory tool to the victim. However, by appropriating the offender's money or property to pay the victim, restitution can also be said to work a punitive effect.

Thus, simply saying a sentencing provision works a punitive or rehabilitative effect begs the question before us as to what warnings must be included in a valid plea colloquy. Rather, recognizing that both concepts are at work, we must decide the fundamental purpose of the sentencing provision at issue.

Viewed in this light, we do not find it remarkable that the legislature stated in § 973.20(1), STATS., that a sentencing court should order restitution "in addition to any other penalty." This language simply recognizes, as we have already demonstrated, that restitution can work a punitive effect. It does not mean, however, that restitution does not also work a rehabilitative effect and that such may be the basic and fundamental purpose of restitution. We now move to that question. For the reasons that follow, we conclude that the primary

and fundamental goal of restitution is the rehabilitation of the offender.

We first observe that the potential Class C penalties for aggravated battery, § 940.19(2), STATS., 1991-92, were "a fine not to exceed $10,000 or imprisonment not to exceed 10 years, or both." *See* § 939.50(1), (3)(c), STATS., 1991-92. These potential punishments were set out in the ch. 939, STATS., 1991-92, subchapter entitled "Penalties." Nowhere in this subchapter is restitution enumerated as a potential penalty or punishment for any classification of crime or forfeiture.

If the legislature had truly intended restitution to constitute "potential punishment" for purposes of the plea colloquy statute, § 971.08, STATS., it would have formally included such among the "Penalties" in the sections of the criminal code devoted to that specific topic. We do not conclude that the attenuated manner in which § 973.20(1), STATS., implies that restitution is a penalty signals a legislative intent that restitution constitutes a "potential punishment" under the plea colloquy statute.

Moreover, the plain meaning of the word "restitution" supports our conclusion. Restitution is defined as an "equitable remedy under which a person is restored to his or her original position prior to loss or injury, or placed in the position he or she would have been, had the breach not occurred." BLACK'S LAW DICTIONARY 1313 (6th ed. 1990). This definition does not have a punitive ring.

In addition, Wisconsin case law, announced both before and after the 1987 enactment of the restitution statute, supports our conclusion. Before the statute was enacted, our supreme court observed that restitution is an important element of the offender's

rehabilitation because it may serve to strengthen his or her sense of responsibility and teach the offender to consider more carefully the consequences of his or her actions. *Huggett v. State,* 83 Wis. 2d 790, 798, 266 N.W.2d 403, 407 (1978). We recently echoed these words in *State v. Kennedy,* 190 Wis. 2d 253, 258-59, 528 N.W.2d 9, 11 (Ct. App. 1994). The restitution statute, § 973.20, STATS., reflects a strong equitable public policy that victims should not have to bear the burden of losses if the defendant is capable of making restitution. *See State v. Dziuba,* 148 Wis. 2d 108, 112-13, 435 N.W.2d 258, 260 (1989); *see also State v. Foley,* 142 Wis. 2d 331, 338-42, 417 N.W.2d 920, 924-25 (Ct. App. 1987); *I.V. v. State,* 109 Wis. 2d 407, 410-15, 326 N.W.2d 127, 129-31 (Ct. App. 1982).

We also observe that in *Garski v. State,* 75 Wis. 2d 62, 75-76, 248 N.W.2d 425, 432-33 (1977), the supreme court held that a sentencing court need not advise a defendant in a plea colloquy pursuant to § 971.08, STATS., that restitution might be ordered. While *Garski* predates the restitution statute, we see nothing in the statute, its history, or the case law thereafter which suggests or holds that the primary focus of restitution has been changed from rehabilitation to punishment. We conclude that *Garski* is still the law.

Dugan argues that we should rely on *United States v. Corn,* 836 F.2d 889, 893 (5th Cir. 1988), in which the Fifth Circuit held that FED. R. CRIM. P. 11(c)(1) requires a sentencing court to explicitly inform a defendant, before accepting a guilty plea, that the court may order the defendant to pay restitution. Rule 11(c)(1) provides, in part:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in

open court and inform the defendant of, and determine that the defendant understands . . . when applicable, that the court may also order the defendant to make restitution to any victim of the offense.

*Corn,* 836 F.2d at 893.

We are not persuaded by *Corn* because unlike § 971.08, STATS., federal Rule 11(c)(1) specifically addresses the subject of restitution and expressly requires the court to inform the defendant that restitution might be ordered. Wisconsin's procedural requirements for accepting a guilty or no contest plea are contained in § 971.08, which makes no reference to restitution, only "potential punishment." Although the language in § 971.08 differs from that in federal Rule 11(c)(1) and leads to a different result, we note that federal case law, when examining the *primary purpose* of restitution, supports our conclusion that restitution is not punishment.

Wisconsin's criminal restitution statute is patterned after the federal sentencing provisions of 18 U.S.C. § 3663.[6] *See* Judicial Council Note, 1987, § 973.20, STATS. In *United States v. Salcedo-Lopez,* 907 F.2d 97 (9th Cir. 1990), the Ninth Circuit, in examining the purpose of restitution under 18 U.S.C. § 3663, concluded: "The primary purpose of the Victim and Witness Protection Act, *unlike a forfeiture statute, is*

---

[6] Restitution is authorized by 18 U.S.C. § 3663, which provides in part:

**Order of restitution**

   (a)(1)   The court, when sentencing a defendant convicted of an offense under this title . . . may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.

*not to punish the defendant but to compensate the victim." Salcedo-Lopez,* 907 F.2d at 99 (emphasis added).

In summary, we conclude that restitution ordered pursuant to § 973.20, STATS., is not "potential punishment" under § 971.08, STATS. Therefore, the trial court did not err when it failed to advise Dugan in the plea colloquy that the court could order restitution.[7]

We dispose of Dugan's remaining claims in a single discussion. Dugan argues that: (1) the State violated the plea agreement by requesting restitution, (2) the record does not support the restitution order or the amount of restitution, and (3) the trial court failed to consider his ability to pay. We hold that these arguments are waived.

At the sentencing hearing, the State adhered to its promise in the plea agreement to ask for probation. In conjunction with that recommendation, the State argued for restitution in the amount of $40,000 as a condition of probation. Dugan never objected to this request. Moreover, during his ensuing allocution statement, *Dugan echoed the State's position, asking that the court impose restitution.* At no time did Dugan claim that the State had violated the plea agreement, that the $40,000 restitution amount was inappropriate or that he did not have the ability to pay. Section

_____

[7]Despite our holding that a restitution warning is not a mandatory component of a plea colloquy under § 971.08, STATS., we nonetheless think it the better practice for a sentencing court to include the warning when taking a plea and to include the warning on the *Moederndorfer* questionnaire. *See State v. Moederndorfer,* 141 Wis. 2d 823, 416 N.W.2d 627 (Ct. App. 1987).

973.20(14)(b), STATS., clearly allocates the burden of proof as to ability to pay to the offender. *See also State v. Szarkowitz,* 157 Wis. 2d 740, 749, 460 N.W.2d 819, 822 (Ct. App. 1990). Dugan's issues are waived.

We also observe that if in the future Dugan believes that he is unable to meet his restitution obligation, he can bring a motion for modification of the sentence at that time. *See State v. Milashoski,* 163 Wis. 2d 72, 88-89, 471 N.W.2d 42, 49 (1991). The offender's ability to pay restitution should not be restricted to the offender's financial condition only at the moment of sentencing. Circumstances might change during the offender's sentence, probation or parole which bear upon that question.

*By the Court.*—Judgment and order affirmed.