The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Joe RUIZ, Sr., Defendant–Appellant.

No. 95CA1693.

Colorado Court of Appeals, Div. II.

July 11, 1996.

Rehearing Denied Oct. 10, 1996.

Certiorari Denied April 14, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, for Plaintiff–Appellee.

The Law Offices of Jeanette S. Eirich, Jeanette S. Eirich, Denver, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Joe Ruiz, Sr., appeals the denial of his motion for postconviction relief pursuant to Crim. P. 35(c). We affirm.

Defendant was initially charged with twelve felony counts based on allegations that he participated in a criminal episode in which he and others forcibly entered a dwelling and repeatedly assaulted the occupants. During the attack, one of defendant's companions shot one of the occupants in the leg, allegedly at defendant's direction.

Pursuant to a plea agreement, defendant entered a guilty plea to a single count of second degree burglary (burglary with intent to commit either assault, menacing, or false imprisonment). The plea agreement contained a stipulation that defendant would not be sentenced to serve more than ten years in the custody of the Department of Corrections.

The court sentenced defendant to serve ten years in the custody of the Department. At sentencing, neither the court nor the deputy district attorney made any statements with respect to the defendant's likely security classification.

Thereafter, upon reaching the Department's diagnostic unit, defendant learned that, because of the factual allegations of the crime for which he was being sentenced, and because he had a prior conviction for a violent felony (first degree sexual assault), the Department was classifying him as a violent offender.

Defendant then filed this Crim. P. 35(c) action seeking to vacate his plea of guilty on the ground that he was not advised of the fact that the Department could classify him as a violent offender. More specifically, defendant asserted that the court had an obligation to advise him that such a classification could result in adverse consequences such as placement in a more secure facility and required participation in violent offender treatment programs.

In a written order, the trial court denied defendant's motion without a hearing, reasoning that the court had no obligation to advise defendant concerning the restrictiveness of the setting or the particular type of facility in which he would serve his sentence. Defendant appeals from that order.

Defendant argues that he had a due process right to be advised of the possibility that he would be classified as a violent offender because such a classification is a direct consequence of a guilty plea. We disagree.

■ "A plea of guilty effects a waiver of fundamental rights and, therefore, must be knowingly, intelligently, and voluntarily made to be valid." *People v. Pozo*, 746 P.2d 523, 525 (Colo.1987).

■ Due process relative to the implications flowing from a guilty plea is provided if the trial court advises defendant concerning the direct consequences of the conviction. Conversely, due process does not require the court to advise defendant regarding consequences which are collateral to the conviction. *See People v. Pozo, supra* (potential federal deportation consequences are collateral to guilty plea).

■ Direct consequences, unlike collateral consequences, are "those which have a definite, immediate, and largely automatic effect on the range of possible punishment." *People v. Moore*, 841 P.2d 320, 324 (Colo.App. 1992) (possible effect of guilty plea upon future criminal liability is not a direct consequence of a guilty plea).

Thus, the determinative issue is whether a defendant's security classification is a direct or collateral consequence of a guilty plea.

■ Because a prison inmate has no protected liberty interest in any particular security classification, due process protections are not implicated by classification decisions. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Milligan v. Colorado Department of Corrections*, 751 P.2d 75 (Colo.App.1988). The absence of any liberty interest is attributable to the fact that a state is not obligated to maintain multiple levels of confinement and, if it does, prison officials have discretion to assign a prisoner to confinement in any facility within the range of custody allowed. *Meachum v. Fano, supra*.

Thus understood, it is evident that prison security classifications do not alter the range of punishment. And, as noted above, the essential element defining a "direct consequence" of a guilty plea is that it have an effect on the range of punishment. Indeed, it would be anomalous to conclude that a defendant has a due process right to be advised of a potential consequence which, if

imposed, he or she will have no due process right to challenge.

Accordingly, we conclude that prison security classifications are collateral consequences of a guilty plea and not the type of direct consequence implicating the "range of possible punishment" for which a defendant must be advised.

Defendant also alleges that, as an additional direct consequence of his plea, he had a due process right to be advised that the Department's violent offender classification could render him ineligible for good time credits and impact his parole eligibility. Defendant has raised this argument for the first time on appeal; thus, we do not address it. *See Flagstaff Enterprises Construction, Inc. v. Snow,* 908 P.2d 1183 (Colo.App.1995).

Finally, we note that the trial court properly adjudicated defendant's Crim. P. 35(c) motion without a hearing because the motion required only a legal determination whether the sentencing court was required to advise defendant of a collateral consequence of his guilty plea. *See People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992) (no hearing required if record before court demonstrates that defendant not entitled to relief).

The order is affirmed.

PLANK and NEY, JJ., concur.