742 So.2d 489 (1999)
Reinaldo Santiago CRUZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-528.
District Court of Appeal of Florida, Third District.
September 29, 1999.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Richard L. Polin and Christine E. Zahralban, Assistant Attorneys General and Christian M. Pressman, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
The defendant appellant agreed to plead guilty to several offenses in exchange for a sentence of 364 days in the County jail followed by community control and probation. While he was in prison, Miami-Dade County moved for and was granted a civil restitution lien upon him pursuant to sections 960.292(1) and 960.293(2), Florida Statutes (1997)[1] for the costs of his imprisonment. *490 Cruz now challenges and seeks to strike the lien on the sole ground that its imposition should have been, but was not, a subject of the plea bargain and the sentencing hearing. We disagree.
Our conclusion is based on the determination that a 960.292 lien is a collateral, rather than a direct, consequence of a plea and therefore need not be considered either in a plea agreement or its acceptance and enforcement by the sentencing court. State v. Ginebra, 511 So.2d 960 (Fla.1987); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995), review denied, 668 So.2d 602 (Fla. 1996). The cases define a "direct consequence of a plea"as to which the trial judge is required to inform the defendantas "one that has a `definite, immediate, and largely automatic effect on the range of the defendant's punishment.'" Fox, 659 So.2d at 1327, quoting Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982); see also Cuthrell v. Director, 475 F.2d 1364 (4th Cir.1973)(same), cert. denied, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973); Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998)(distinguishing direct and collateral consequences); State v. Ward, 123 Wash.2d 488, 869 P.2d 1062 (1994)(same).
For several reasons, the "civil restitution" lien in question does not at all fit this definition. Indeed, it does not meet the threshold conclusion that it have any effect, direct or indirect, "on the range of the defendant's punishment." Fox, 659 So.2d at 1327. Rather, like a civil restitution order, it constitutes only a non-criminal remedy for the recovery or reimbursement of particular expenses. See State v. Dugan, 193 Wis.2d 610, 534 N.W.2d 897 (1995)(trial court not required to advise defendant of possibility of restitution upon accepting plea); see also Mitchel v. Cigna Property & Casualty Ins. Co., 625 So.2d 862 (Fla. 3d DCA 1993) (order for civil restitution imposed after plea is not criminal penalty under liability insurance exclusion). Moreover, the imposition of the lien is hardly "definite, immediate, [or] largely automatic[ally]" imposed, Zambuto, 413 So.2d at 462, even after a defendant's imprisonment, let alone upon the acceptance of the plea bargain and the entry of sentence. Quite to the contrary, the statute provides that the lien may be imposed only after the relevant political subdivision actually moves for that relief. Not only is that action not automatic, its occurrence in this case, insofar as we can determine, is a unique event in this district.
Affirmed.
NOTES
[1] 960.292 Enforcement of the civil restitution lien through civil restitution lien order. The civil restitution lien shall be made enforceable by means of a civil restitution lien order.

(1) Upon conviction, the convicted offender shall incur civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties as set forth in s. 960.293. The conviction shall estop the convicted offender from denying the essential allegations of that offense in any subsequent proceedings.
960.293 Determination of damages and losses.
* * *
(2) Upon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs.