**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**James E. MONTAINE, Defendant–**
**Appellant.**

No. 98CA1948.

Colorado Court of Appeals,
Div. II.

Dec. 23, 1999.

Rehearing Denied Jan. 20, 2000.

Certiorari Denied Sept. 11, 2000.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, James E. Montaine, appeals from the trial court order denying his motions for post-conviction relief pursuant to Crim. P. 35(a) and Crim. P. 35(c). We affirm.

Pursuant to a plea agreement, defendant pled no contest to two counts of second degree sexual assault in 1994. In exchange for his pleas, the prosecution agreed to dismiss the remaining charges against defendant. There were no sentencing concessions.

Shortly thereafter, defendant was sentenced to 15 years probation. However, in 1996, defendant violated the terms of his probation. As a result, defendant's probation was revoked and he was resentenced to eight years imprisonment for each offense, to be served concurrently. Defendant was also required to serve one five-year term of mandatory parole pursuant to §§ 18–1–105(1)(a)(V)(A), (B), (C), and (D), C.R.S.1999. *See People v. Barth*, 981 P.2d 1102 (Colo. App.1999); *see also People v. Black*, 915 P.2d 1257 (Colo.1996) (under the governing sentence rule, the longest of an inmate's concurrent sentences and its parole provisions controls).

Thereafter, acting *pro se*, defendant filed two Crim. P. 35(a) and two Crim. P. 35(c) motions. The Crim. P. 35(a) motions alleged that, by adding a five-year term of mandatory parole to defendant's prison sentence, the Department of Corrections had violated both the terms of the plea agreement and the constitutional prohibition against double jeopardy. As pertinent here, the Crim. P. 35(c) motions alleged that defendant's pleas were involuntary because he had been advised only that he would be required to serve *three* years of mandatory parole, and that he had not been advised that he would be required to register as a sex offender if he pled guilty.

The trial court denied defendant's motions after a hearing. This appeal followed.

## I.

Defendant contends that his guilty pleas were invalid because the trial court failed to advise him that: (1) he would be required to serve five years of mandatory parole after serving a prison sentence; and, (2) that he would be required to register as a sex offender pursuant to § 18–3–412.5, C.R.S.1999. We disagree.

To satisfy due process concerns that a guilty plea be made knowingly and with a full understanding of the consequences, the trial court must advise defendant of the direct consequences of the plea. However, the court need not advise defendant of any collateral consequences. *See People v. Birdsong*, 958 P.2d 1124 (Colo.1998); *People v. Pozo*, 746 P.2d 523 (Colo.1987).

A direct consequence is one that has "a definite, immediate, and largely automatic effect on the range of possible punishment." *People v. Moore*, 841 P.2d 320, 324 (Colo. App.1992); *see also People v. Ruiz*, 935 P.2d 68 (Colo.App.1996).

### A.

Mandatory parole is a direct consequence of a guilty plea because it imposes a significant limitation on defendant's freedom. Therefore, defendant should be advised of this requirement. *See Craig v. People*, 986 P.2d 951 (Colo.1999).

However, when the sentence imposed, including parole, is less than the maximum defendant was advised he or she could re-

ceive, the failure to advise of mandatory parole does not invalidate the plea. *See Craig v. People, supra; see also People v. Tyus,* 776 P.2d 1143 (Colo.App.1989).

Here, the record reveals that defendant was advised both in his petition to plead guilty and at the providency hearing that the presumptive range for each of his offenses was 2 to 8 years in the Department of Corrections, and that he could receive up to 16 years for each offense if the court found extreme aggravating circumstances. In addition to a possible 32–year sentence, defendant was also advised that he could be required to serve three years of mandatory parole following any Department of Corrections sentence. Thus, defendant was advised regarding a total of 35 years of incarceration and supervision.

Because defendant's total sentence, including mandatory parole, was less than the 35–year maximum he was advised he could receive, we conclude that the trial court's failure to advise defendant correctly of the mandatory parole term does not invalidate his pleas.

### B.

Whether the statutory duty to register as a sex offender is a direct consequence of a guilty plea such that an advisement is required constitutes an issue of first impression in Colorado. A majority of other state courts that have considered this issue, however, have overwhelmingly rejected the argument that the duty to register as a sex offender is a direct consequence requiring an advisement. *See State v. Young,* 112 Ariz. 361, 542 P.2d 20 (1975); *Ray v. State,* 133 Idaho 96, 982 P.2d 931 (1999); *Doe v. Poritz,* 142 N.J. 1, 662 A.2d 367 (1995); *State v. Burr,* 598 N.W.2d 147 (N.D.1999); *State v. Timperley,* 599 N.W.2d 866 (S.D.1999); *State v. Ward,* 123 Wash.2d 488, 869 P.2d 1062 (1994); *Johnson v. State,* 922 P.2d 1384 (Wyo.1996); *Robinson v. State,* 730 So.2d 252 (Ala.Cr.App.1998); *Collie v. State,* 710 So.2d 1000 (Fla.App.1998); *State v. Bollig,* 224 Wis.2d 621, 593 N.W.2d 67 (Wis.App.1999) *review granted,* 599 N.W.2d 408 (Wis.1999). *But see In re Birch,* 10 Cal.3d 314, 515 P.2d 12, 110 Cal.Rptr. 212 (1973); *Peterson v. State,* 988 P.2d 109 (Alaska App.1999); *Ruffin v. State,* 3 S.W.3d 140 (Tex.App.1999). We agree with the majority view.

Although the duty to register flows directly from defendant's conviction as a sex offender, it does not enhance defendant's punishment for the offense. Rather, the General Assembly's stated intent is to afford the public with "limited access to information concerning persons convicted of offenses involving sexual behavior" as a public safety measure. Indeed, the General Assembly has also stated that it does not intend the information to be used "to inflict retribution or additional punishment." *See* § 18–3–412.5(6.5)(a), C.R.S.1999.

Further, to be subject to any penalty provided for in the sex offender statute, defendant must fail to comply with the registration requirements. *See* § 18–3–412.5, C.R.S.1999; *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979); *People v. Moore, supra.*

Thus, we conclude that the statutory duty to register as a sex offender in Colorado is only a collateral consequence of a defendant's guilty plea. Hence, the trial court's failure here to advise defendant of that requirement does not invalidate his guilty pleas.

The order is affirmed.

Judge MARQUEZ and Justice ERICKSON * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.